UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | CASE |
| | ) | |
| Syndikos Investments, LLC, | ) | NO.2:18CV742 |
| | ) | |
| Plaintiff, | ) | DOCUMENT NO. 1 |
| | ) | |
| vs. | ) | |
| | ) | |
| Cannabis Care Certification Centers LLC, | ) | |
| | ) | |
| Defendant. | ) | |

COMPLAINT

AND NOW, comes the Syndikos Investments, LLC, by counsel, Patrick K. Nightingale, Andrew M. Gross and Nightingale, Gross & Patterson, LLC, and files the within Complaint as follows.

**PRELIMINARY STATEMENT**

1. This is a federal trademark infringement claim brought pursuant to 15 U.S.C. §§ 1114-1117.

**JURISDICTION**

2. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and § 1338(b) because this action arises under the federal trademark statute (the "Lanham Act"), 15 U.S.C. § 1051 *et seq.*

3. Venue is proper in this District because the violation of the Lanham Act occurred in

this District and both parties conduct business in this District.

## PARTIES

4.  The Plaintiff, Syndikos Investments, LLC, is a Delaware limited liability company with an address of 27 Ann Street, Pittsburgh, PA 15223.

5.  Defendant, Cannabis Care Certification Centers LLC is a Pennsylvania limited liability company with an address of 100 James Place, Monroeville, PA 15146.

## FACTUAL ALLEGATIONS

6. Plaintiff is a physician owned company comprised of medical doctors who are dedicated to helping patients who need medical cannabis.

7. Plaintiff has opened up certification centers across the Commonwealth of Pennsylvania including locations in this District in Allegheny, Butler and Westmoreland Counties.

8. Plaintiff's physicians are registered with the PA Department of Health and they meet with patients and issue certifications to patients who have a serious medical condition as set forth in Pennsylvania Act 16 of 2016.

9. On April 11, 2017, the United States Patent and Trademark Office ("PTO") issued to Plaintiff, U.S. Trademark Registration No. 5179832 for the mark COMPASSIONATE CERTIFICATION CENTERS. A true and correct copy of this registration is attached as Exhibit A.

10. Plaintiff has spent a considerable amount of time and effort to cultivate its mark and to establish goodwill for its mark.

11. Plaintiff has hosted two World Medical Cannabis Conference & Expos at the David L. Lawrence Convention Center on April 21-22, 2017 and April 12-14, 2018.

12. Thousands of attendees participated in each Conference and each Conference garnered significant media coverage.

13. As a springboard from the Conferences, Plaintiff has opened and continues to open certification centers throughout the Commonwealth of Pennsylvania.

14. Defendant filed a Certificate of Organization with the Pennsylvania Department of State on February 12, 2018 and has opened its certification center in Monroeville, which is a suburb of the City Pittsburgh in the eastern part of Allegheny County.

15. Defendant is using the unregistered mark of CANNABIS CARE CERTIFCATION CENTER for its location in Monroeville.  A copy of Defendant's unregistered mark is attached hereto as Exhibit B.

16. On May 3, 2018, Plaintiff's trademark counsel sent a cease and desist letter to Defendant instructing them to discontinue the use of their confusingly similar mark by May 18, 2018.  A copy of the cease and desist letter is attached hereto as Exhibit C.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT

## 15 U.S.C. §§ 1114-1117

17. Paragraphs 1 through 16 of Plaintiff's Complaint are incorporated by reference as though set forth at length herein.

18. Defendant's use of the unregistered mark CANNABIS CARE CERTIFICATION CENTER is likely to cause confusion, mistake or deception as to the source, affiliation, sponsorship, or authenticity of Defendant's services.

19. As a result, Defendant's use of its unregistered mark, that is confusingly similar to Plaintiff's federally registered mark, the public is likely to believe that Defendant's services are affiliated with and/or approved by Plaintiff and Plaintiff's ability to gain revenue through providing

services bearing its registered trademark is being limited by Defendant.

20. Defendant's infringement of Plaintiff's federally registered trademark is willfully intended to reap the benefit of the goodwill of Plaintiff and has violated Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

21. As a result of Defendant's wrongful conduct, Plaintiff has suffered and will continue to suffer, substantial damages. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to recover damages, which includes any and all profits that Defendant has made as a result of their wrongful conduct.

22. Plaintiff is also entitled to attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

## COUNT II

### PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

23. Paragraphs 1 through 22 of Plaintiff's Complaint are incorporated by reference as though set forth at length herein.

24. Plaintiff is without an adequate remedy at law for the protection of its rights, including, but not limited to, its business reputation and goodwill. Plaintiff has suffered and will continue to suffer immediate and irreparable harm, injury, and loss unless this Court issues a preliminary injunction enjoining and restraining the Defendant from use the mark, CANNABIS CARE CERTIFICATION CENTER that likely confuse patients or consumers that their services are somehow affiliated with or approved by Plaintiff.

25. Plaintiff has a substantial likelihood of success on the merits requested in the Complaint because Defendant's use of the unregistered mark, CANNABIS CARE CERTIFICATION CENTER is demonstratively misleading and likely to cause confusion to patients and consumers and are in

clear violation of the Lanham Act.

26. The Defendant will not suffer any hardship by being immediately enjoined from using the unregistered mark, CANNABIS CARE CERTIFICATION CENTER as the company is only a few months old. On the other hand, Plaintiff will be irreparably harmed if Defendant can continue to use the unregistered mark.

27. A preliminary injunction further serves the public interest in protecting against false advertising and unfair competition.

28. Pursuant to Fed. R. Civ. P. 65(c), Plaintiff will deposit with the Court security in an amount the Court considers proper if Defendant demonstrates they were wrongfully enjoined during the period of the preliminary injunction.

29. Based upon the foregoing, Plaintiff requests that the Court enter preliminary injunctive relief until a full trial on the merits can be held, at which time Plaintiff requests that the Court enter permanent injunctive relief.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays that judgment be entered against the Defendant by this Honorable Court for the following:

a) That Plaintiff be granted injunctive relief based upon Defendant violating the Lanham Act and that Defendant being enjoined from:

1) Using the CANNABIS CARE CERTIFICATION CENTER unregistered mark or any other mark confusingly similar to the COMPASSIONATE CERTIFICATION CENTERS™, in connection with the marketing, promotion, advertising for medical marijuana patient consultations or

   certifications.

  2) Directly or indirectly engaging in false advertising or promotions of their medical marijuana patient consultations or certifications.

b)   That Defendant, file, within ten (10) days from entry of a permanent injunction, with the Court signed under penalty of perjury, certifying the manner in which Defendant has complied with the terms of the injunction;

c)   That Plaintiff be awarded damages pursuant to 15 U.S.C. § 1117(a), sufficient to compensate it for the damage caused by Defendant's false and misleading use of its mark;

d)   That Plaintiff be awarded Defendant's profits derived by reason of said acts, or as determined by an accounting pursuant to 15 U.S.C. § 1117(a);

e)   That Plaintiff be awarded its costs, attorneys' fees and expenses in this suit under 15 U.S.C. § 1117(a).

         Respectfully submitted,

         /s/Patrick K. Nightingale
         Patrick K. Nightingale
         PA ID No. 76015
         patrick@cannabislegalsolutions.net

         /s/ Andrew M. Gross
         Andrew M. Gross
         PA ID No. 59912
         andrew@cannabislegalsolutions.net

         Nightingale, Gross & Patterson, LLC
         707 Grant Street
         Suite 2340
         Pittsburgh, PA 15219
         (412) 553-1744