

J.J. Lee, Esq.
Erin C. Bray, Esq.
Heather Dent, Esq.
Trademark Lawyer Firm, PLLC
www.trademarklawyerfirm.com
Mailing address:
PO Box 512
Ann Arbor, MI 48106-0512
Office:
3810 Packard
Suite 220
Ann Arbor, MI 48108
Phone (800) 529-2218
Fax (734) 661-0513

May 3, 2018

Ms. Emily Godzak or Registered Agent
100 James Place
Suite A
Monroeville, Pennsylvania 15146
riohealthllc@gmail.com; pgh.marijuana.docs@gmail.com

RE: Allegations of Trademark Infringement ("CANNABIS CARE CERTIFICATION CENTERS").

Dear Sir or Madam:

This law firm represents Syndiko's Investments, LLC, (hereinafter "Syndiko"), a Delaware limited liability company, in matters of intellectual property.

As you are likely aware, Syndiko owns and operates its Compassionate Certification Centers in multiple locations throughout Pennsylvania and the United States. Compassionate Certification Center is a one-of-a-kind physician owned medical marijuana marketing and consulting firm that operates to provide a simple, proven turnkey formula for helping its consumers get started in the medical marijuana business. Additionally, it is the nation's only unified group of physician-owned multi-state medical marijuana certification centers.

In connection with its marketing and medical services, Syndiko is the owner of United States Trademark Registration Number 5179832 for the mark "COMPASSIONATE CERTIFICATION CENTERS", which was registered by the United States Patent and Trademark Office on April 11, 2017. Further, Syndiko's further relies on its mark to promote its marketing and medical consultation services throughout the United States.

Our client recently became aware of your use of the confusingly similar mark "CANNABIS CARE CERTIFICATION CENTERS in connection with marketing your medical marijuana certification services. Clearly, this use of a similar mark on related goods/services likely creates confusion in the marketplace and with the relevant consumers.

As you are likely aware, a trademark holder must prevent unauthorized use of its mark by others in order to avoid consumer confusion and harm to the mark. In any likelihood of confusion determination, two key considerations are similarity of the marks and similarity or relatedness of the goods and/or services. *Syndicat Des Proprietaires Viticulteurs De Chateauneuf-Du-Pape v. Pasquier DesVignes*, 107 USPQ2d 1930, 1938 (TTAB 2013) (citing *Federated Foods, Inc. v. Fort Howard Paper Co.*, 544 F.2d 1098, 1103, 192 USPQ 24, 29 (C.C.P.A. 1976)); *In re Iolo Techs., LLC*, 95 USPQ2d 1498, 1499 (TTAB 2010); *see* TMEP §1207.01. That is, the marks are compared in their entireties for similarities in appearance, sound, connotation, and commercial impression.

*In re Viterra Inc.*, 671 F.3d 1358, 1362, 101 USPQ2d 1905, 1908 (Fed. Cir. 2012) (quoting *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 1361, 177 USPQ 563, 567 (C.C.P.A. 1973)); TMEP §1207.01(b)-(b)(v). Additionally, the goods and/or services are compared to determine whether they are similar or commercially related or travel in the same trade channels. *See Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1369-71, 101 USPQ2d 1713, 1722-23 (Fed. Cir. 2012); *Herbko Int'l, Inc. v. Kappa Books, Inc.*, 308 F.3d 1156, 1165, 64 USPQ2d 1375, 1381 (Fed. Cir. 2002); TMEP §1207.01, (a)(vi).

At this juncture, my client is unwilling to risk dilution of its COMPASSIONATE CERTIFICATION CENTERS mark, will not tolerate any infringement on its intellectual property rights, and will take any steps necessary to protect its registered marks in the marketplace. Syndiko takes very seriously the protection of the public as well as its intellectual property rights, and will take all appropriate steps to protect both. Syndiko is concerned that your use of a mark containing the confusingly similar phrasing to promote goods and services directly related to Syndiko's medical marijuana marketing and medical services will cause members of the public to mistakenly believe that there is sponsorship or affiliation between your business and Syndiko's.

The Lanham Act, among others, provides numerous remedies for trademark infringement and dilution, including, but not limited to, preliminary and permanent injunctive relief, money damages, a defendant's profits, provisions for the destruction or confiscation of infringing products and promotional materials, and, where intentional infringement is shown, attorneys' fees and money damages. Judicial relief includes, but is not limited to: destruction of the infringing articles under 15 U.S.C. §1118; treble damages, your profits, any damages sustained, court costs and attorney's fees under 15 U.S.C. §1117; injunction under 15 U.S.C. §1116; injunction and damages under applicable laws.

Syndiko would prefer to resolve this matter without resorting to litigation, as litigation in this matter would only serve to injure the parties involved to an unnecessary and costly extent. Therefore, in lieu of filing a trademark infringement proceeding against you, Syndiko demands that you immediately cease and desist from all further use of the infringing mark, or any other mark confusingly similar to the "COMPASSIONATE CERTIFICATION CENTERSE" mark, in connection with similar or related goods/services. This includes, but is not limited to, removal of the infringing mark from your website, and all marketing materials related to your business.

Please provide written confirmation by no later than May 18, 2018 that you have complied with these demands. We are hoping that we will be able to resolve this matter amicably. However, this letter is sent without prejudice to the rights and claims of Syndiko, all of which are expressly reserved, including the filing of a trademark infringement claim against you.

Should you have any questions or wish to discuss this further, please do not hesitate to contact me.

Sincerely,

*[signature]*

Heather M. Dent, Esq.
heather@trademarklawyerfirm.com